UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCESCO P. PAGANO,<br><br>    Plaintiff,<br><br>-against-<br><br>JOHNSON CONTROLS, INC.,<br><br>    Defendant. | 24-CV-01020 (MMG) |
| JEFFREY S. HALFTER,<br><br>    Plaintiff,<br><br>-against-<br><br>JOHNSON CONTROLS, INC.,<br><br>    Defendant. | 24-CV-01047 (MMG) |
| LINDA RICCITELLI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>-against-<br><br>JOHNSON CONTROLS, INC.,<br><br>    Defendant. | 24-CV-03243 (MMG)<br><br>**ORDER** |

MARGARET M. GARNETT, United States District Judge:

   The three actions before the Court—*Pagano*, *Halfter*, and *Riccitelli*—are against Johnson Controls, Inc. ("Johnson Controls"), a Wisconsin corporation that sells HVAC, security, and fire and equipment systems to commercial buildings.[1] Plaintiffs are commissioned salespersons who sold equipment and projects on behalf of Johnson Controls. Johnson Controls pays Plaintiffs commissions under a written incentive plan, which Plaintiffs received each Fiscal Year. The

---

[1] The following facts are drawn from the complaints in each action. *See Pagano v. Johnson Controls, Inc.*, No. 24-cv-01020 (the "Pagano Action"), Dkt. No. 1 ("Pagano Compl."); *Halfter v. Johnson Controls, Inc.*, No. 24-cv-01047 (the "Halfter Action"), Dkt. No. 1 ("Halfter Compl."); *Riccitelli v. Johnson Controls, Inc.*, No. 24-cv-03243 (the "Riccitelli Action"), Dkt. No. 1-1 ("Riccitelli Compl."). The Court expresses no view as to the truth of the facts asserted herein.

incentive plans at issue in each action are the FY 2023 plan, which was effective October 1, 2022, through September 31, 2023, and FY 2024 plan, which was introduced in November 2023. Plaintiffs allege that, under the FY 2023 plan, they are due certain amounts of "earned commissions" for projects that were booked prior to, but not completed by, the conclusion of the FY 2023, *i.e.*, September 31, 2023. However, after implementing the FY 2024 plan, Johnson Controls "retroactively" withheld their FY 2023 "earned commissions" because the FY 2024 plan changed the terms of Plaintiffs' compensation.

Pagano filed his action in this Court on February 12, 2024; Halfter filed his action in this Court on February 13, 2024; and Riccitelli filed his action in New York Supreme Court for New York County on March 26, 2024, which was later timely removed to this Court on April 29, 2024. *See* Pagano Compl.; Halfter Compl.; Riccitelli Compl; Riccitelli Action, Dkt. No. 1 ("Riccitelli Notice of Removal"). There are pending motions to dismiss by Johnson Controls in each action. *See* Pagano Action, Dkt. No. 19; Halfter Action, Dkt. No. 17; Riccitelli Action, Dkt. No. 9.

The Court subsequently became aware of an earlier-filed action in the Eastern District of Wisconsin, *Novin et al. v. Johnson Controls, Inc.*, Case No. 2:24-cv-00046-PP ("*Novin*"), filed on January 12, 2024, which purports to be a class action on behalf of **all** Johnson Controls employees subject to the incentive compensation plans. On February 25, 2025, the Court ordered the parties in all three actions before it to meet and confer regarding the effect of *Novin* on each action, and to file a joint letter setting forth their views on this question. *See* Pagano Action, Dkt. No. 15.[2] The parties filed their joint letter on March 11, 2025. *See* Pagano Action, Dkt. No. 27 ("Joint Ltr.").

For the reasons stated herein, the Court shall transfer all three actions to the Eastern District of Wisconsin, pursuant to the First-to-File rule.

**DISCUSSION**

The First-to-File rule is a well-settled "presumption favoring the forum wherein suits are first filed." *See First City Nat. Bank and Tr. Co. v. Simmons*, 878 F.2d 76, 77 (2d Cir. 1989). "The first to file rule embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation. *See id* at 80. Accordingly, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second." *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.* ("*Motion Picture*"), 804 F.2d 16, 19 (2d Cir. 1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)).

As to the first exception, *i.e.*, balance of convenience, "an even or inconclusively titled 'balance of convenience' would ordinarily support application of the first-filed rule." *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 751 (S.D.N.Y. 1977). Courts in this Circuit consider the ties between the litigation and the forum of the first-filed action. *See Employers Ins.*

---

[2] For filings and orders entered in all three actions, the Court shall refer only to the specific filing or order as docketed in the Pagano Action.

2

*of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *Motion Picture*, 804 F.2d at 19. The "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)," which include the following:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*See Everest Cap. Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (alteration in original)). "The convenience of the witnesses and the locus of the operative facts of the case are typically regarded as primary factors in the balance-of-convenience inquiry." *See Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 396 (S.D.N.Y. 2014).

As to the second exception, *i.e.*, special circumstances, "[g]iven the centrality of the balance of convenience, the 'special circumstances' in which a district court may dismiss the first-filed case without th[e] analysis [of balance of convenience] [is] quite rare." *Employers Ins. of Wausau*, 522 F.3d at 275. For example, special circumstances exist "where the first-filed lawsuit is an improper anticipatory declaratory judgment action" or "where forum shopping *alone* motivated the choice of the situs for the first suit." *See id.* at 275–76 (second quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (emphasis in original)).

The Court finds that the balance of convenience weighs in favor of applying the First-to-File rule here and transferring the above-captioned cases to the Eastern District of Wisconsin. As Johnson Controls argues in the parties' joint letter, Johnson Controls is a Wisconsin corporation, with its executive offices in Milwaukee. The compensation policy changes that underlie the Plaintiffs' claims were implemented there, and the decision-makers responsible are located there; in other words, most of the relevant evidence and witnesses necessary to the disposition of these actions, should they proceed to discovery, are located in Wisconsin. *See* Joint Ltr. at 5. Plaintiffs, who are residents of New York, would certainly find it more convenient to litigate their actions here, and, of course, could expect to be deposed or called as witnesses should their actions proceed to the merits. *See id.* at 2–3. But Plaintiffs' preferences cannot defeat application of the First-to-File rule—Johnson Controls, not Plaintiffs, controls the key materials and testimonial evidence related to the FY 2023 and FY 2024 incentive plans, so the "locus of the operative facts" is based in Wisconsin. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 404 (S.D.N.Y. 2005) ("When weighing the convenience of the witnesses, courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district.").

Further, the Court finds that there are no special circumstances which counsel against applying the well-established First-to-File rule in these cases. First, Pagano and Halfter's

argument that the individual claims filed against Johnson Controls in other jurisdictions "are rapidly outpacing *Novin*" is of no moment, and they cite to no legal authority that such circumstances constitute special circumstances barring the application of the First-to-File rule. *See* Joint Ltr. at 1–2. This Court cannot control the actions of other courts and the question before it is what would best serve the purposes of the First-to-File rule with respect to these three cases. Second, Riccitelli is incorrect that the First-to-File rule only applies when both actions are initiated in federal court—"[w]here a state action is subsequently removed to federal court, for the purposes of the First-to-File Rule, 'the state court filing date is the relevant benchmark.'" *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 n.1 (S.D.N.Y. 1994) (quoting *Mfrs. Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992)). Third, Riccitelli's arguments regarding the propriety of removal and contesting diversity jurisdiction under CAFA are belated and inapposite. *See* Riccitelli Notice of Removal ¶¶ 7–11 (removing on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), given Riccitelli has alleged damages in excess of $75,000).

Plaintiffs' other arguments are unavailing and do not compel the Court to reach a different conclusion. Pagano and Halfter cite to no legal authority or basis for their argument that the First-to-File rule does not apply to their actions "because they filed their claims on an individual basis." *See* Joint Ltr. at 1. While Pagano and Halfter are certainly free to opt out of *Novin*, or to object to any consolidation proceedings once the cases are docketed in the Eastern District of Wisconsin, they are not entitled to adjudicate simultaneous proceedings in this Court where doing so would cause duplicative litigation and waste resources both for the parties and the Court. *See 800-Flowers, Inc.*, 860 F. Supp. at 132 ("The first filed rule was developed to 'serve[] the purposes of promoting efficiency [] and should not be disregarded lightly." (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991)). Moreover, the First-to-File rule does not require identical parties, only that the parties and claims be "substantially similar." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992). Here, the legal claims and underlying facts are essentially identical and the only real "individualization" involved in Pagano and Halfter's claims is, essentially, damages—their individual amounts of "earned" but unpaid commissions they allege that they are entitled to under the FY 2023 plan. These are not the "special circumstances" envisioned by the Second Circuit, and cannot overcome all of the other factors of judicial efficiency and economy that counsel in favor of transfer.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully directed to transfer the three above-captioned actions to the Eastern District of Wisconsin and to terminate the actions in this Court.

Dated: March 12, 2025
   New York, New York

                              SO ORDERED.

                              MARGARET M. GARNETT
                              United States District Judge